UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Xiao Ye Bai,<br><br>        Petitioner<br><br>v.<br><br>Jeremy Bean, et al.,<br><br>        Respondents | Case No. 2:24-cv-01113-JAD-NJK<br><br>**Order Granting Motions for Appointment of Counsel, Directing Service of Petition, and Setting a Briefing Schedule**<br><br>[ECF Nos. 1, 4, 5] |

Petitioner Xiao Ye Bai has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, moved for the appointment of counsel, and paid his filing fee.[1] The Federal Public Defender has also filed a motion for appointment of counsel.[2] Having conducted an initial review of the petition under the Rules Governing Section 2254 Cases ("Habeas Rules") and because I find that an appointment of counsel is warranted, I appoint the Federal Public Defender to represent Bai, instruct the Clerk of the Court to serve the petition on the respondents, and set a briefing schedule.

### Background[3]

Bai challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, Nevada,[4] after he pled guilty to attempted unauthorized absence by a prisoner.

---

[1] ECF Nos. 1, 2, 4.

[2] ECF No. 5.

[3] I take judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/Anonymous/default.aspx) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

[4] *State of Nevada v. Xiao Bai*, C-21-358076-1.

Bai was sentenced to 24 to 60 months in prison. Bai appealed, and the Nevada Supreme Court dismissed the appeal as untimely on December 3, 2021.[5]

On November 16, 2021, Bai moved to withdraw his plea, and on December 2, 2021, he filed a state petition for a writ of habeas corpus.[6] The state court denied the petition, Bai appealed, and the Nevada Court of Appeals affirmed on April 29, 2024.[7] Remittitur issued on May 24, 2024.

## Discussion

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief.[8] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[9] Because I find none of these defects on initial review, a response is warranted.

Turning to Bai's motions for the appointment of counsel, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[10] An indigent petitioner may request appointed counsel to pursue that relief.[11] The decision to appoint counsel is generally discretionary.[12] However, counsel must be appointed if the case is so complex that denial of

---

[5] *Xiao Ye Bai v. State of Nevada*, 83813.

[6] *Xiao Bai v. State of Nevada*, A-21-844883-W.

[7] *Xiao Ye Bai v. State of Nevada*, 86218-COA.

[8] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[9] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[10] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)).

[11] 18 U.S.C. § 3006A(a)(2)(B).

[12] *Id.* (authorizing appointed counsel when "the interests of justice so require").

counsel would amount to a denial of due process, or the petitioner has such limited education that he is incapable of fairly presenting his claims.[13]

I find that appointing the Federal Public Defender to serve as counsel for Bai is in the interests of justice given Bai's limited education, his apparent inability to articulate his claims without inmate assistance, and the fact that the Federal Public Defender's office has represented Bai in related proceedings (2:20-cv-02042-KJD-NJK and 2:20-cv-02192-RFB-EJY).

## Conclusion

IT IS THEREFORE ORDERED that the Motions for Appointment of Counsel **(ECF Nos. 4, 5) are GRANTED**.  The Federal Public Defender, through Ron Y. Sung, Esq., is appointed as counsel for Bai under 18 U.S.C. § 3006A(a)(2)(B) and will represent Bai in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT IS FURTHER ORDERED that the Clerk of Court is directed to:

- ADD Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents;
- SERVE, by electronic means, respondents' counsel a copy of the petition (ECF No. 1), this order, and all other items previously filed in this case by regenerating the Notices of Electronic Filing;
- PROVIDE, by electronic means, the Federal Public Defender a copy of this Order and the Petition (ECF No. 1); and

---

[13] *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

- SEND a copy of this Order to Bai and the CJA Coordinator for this division.

IT IS FURTHER ORDERED that **respondents' counsel must enter a notice of appearance within 21 days of entry of this order.**

IT IS FURTHER ORDERED that **Bai has until September 6, 2024, to file an amended petition or seek other appropriate relief**.[14] If Bai files an amended petition, respondents will have 60 days from the date of service to respond to it—including by motion to dismiss. Bai will have 30 days from the date of service of an answer to file a reply. However, Local Rule LR 7-2(b) governs the scheduling for responses and replies to motions filed by either party, including motions filed in lieu of pleadings.

Any procedural defenses raised by respondents to the counseled amended petition must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response. If respondents do seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2) they must: (1) do so in a single motion to dismiss, not in the answer; and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2).[15] Basically, no procedural defenses, including exhaustion, may be

---

[14] This deadline and any extensions of it may not be construed as implied findings regarding the federal limitation period or a basis for tolling. Bai remains responsible for calculating the limitation period and timely asserting claims, without regard to any court-ordered deadlines or extensions. So, a petition or amended petition filed within a court-ordered deadline may still be dismissed as untimely if it violates the statute of limitations. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

[15] *See Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

4

included with the merits in an answer.  All procedural defenses, including exhaustion, must be raised in a single dismissal motion.

In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court-written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

Any state-court record and related exhibits filed by either party must be filed with a separate exhibit index identifying the exhibits by number.  The CM/ECF attachments that are filed must then be identified by the corresponding indexed identifying number.  If the filed exhibits span more than one ECF Number in the record, the first document under each successive ECF Number must be either: (1) another copy of the index, (2) a volume cover page, or (3) some other document serving as a filler, so that each exhibit under the ECF Number is listed under an attachment number.  For example, the filler page would be filed as ECF No. 1, and the exhibits would be filed as ECF No. 1-1, 1-2, 1-3, etc.  And if there are more exhibits than can be attached to ECF No. 1, then ECF No. 2 would be a filler page with the exhibits as ECF Nos. 2-1, 2-2, 2-3, etc.

Courtesy copies of any electronically filed exhibits need _not_ be provided.

Dated: June 28, 2024

_____
U.S. District Judge Jennifer A. Dorsey